**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **PATENT ARMORY, INC.,** | **Civil Action No. 6:23-cv-00582** |
| **Plaintiff,** | **Patent Case** |
| **v.** | **JURY TRIAL DEMANDED** |
| **ENTERPRISE HOLDINGS, INC.,** | |
| **Defendant.** | |

## DEFENDANT/COUNTERCLAIM-PLAINTIFF ENTERPRISE HOLDINGS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff, Enterprise Holdings, Inc. ("Defendant" or "Counterclaim-Plaintiff" or "Enterprise"), by and through its counsel, hereby files its Answer, Affirmative Defenses, and Counterclaims ("Answer and Counterclaims") to Plaintiff/Counterclaim-Defendant's Complaint for Patent Infringement (ECF No. 1) ("Complaint"), filed by Plaintiff/Counterclaim-Defendant, Patent Armory, Inc., ("Plaintiff" or "Counterclaim-Defendant" or "Patent Armory").  Except as otherwise expressly set forth below, Defendant/Counterclaim-Plaintiff denies each and every allegation contained in the Complaint. Defendant/Counterclaim-Plaintiff reserves the right to amend or supplement this Answer and Counterclaims to include additional defenses and counterclaims that are discovered during the course of this lawsuit.  Defendant/Counterclaim-Plaintiff denies any express or implied allegation included in any heading of the Complaint, including those reproduced herein.  Subject to and without waiving the foregoing, Defendant/Counterclaim-Plaintiff responds to the separate, numbered paragraphs of the Complaint as follows:

## ANSWER

1.     Defendant admits that Plaintiff, through its attorneys, purports to complain of Defendant.  Defendant denies all other express or implied allegations set forth in paragraph 1, including that Defendant has in any way committed any act of patent infringement.

## PARTIES

2.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, denies the same.

3.     Defendant admits that it is a corporation organized and existing under the laws of Missouri with a principal place of business located at 600 Corporate Park Drive, Clayton, Missouri 63105.  Defendant denies that it maintains an established place of business at 1601 Jack Kultgen Freeway, Waco, TX 76706.

## JURISDICTION

4.     Defendant admits that Plaintiff purports to assert a claim for patent infringement under Title 35 of the United States Code.  Defendant denies all other express or implied allegations set forth in paragraph 4, including that Defendant has in any way committed any act of patent infringement.

5.     Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Defendant denies all other express or implied allegations set forth in paragraph 5, including that Defendant has in any way committed any act of patent infringement.

6.     Defendant denies that it has engaged in systematic and continuous business activities in this District.  Defendant denies all express or implied allegations set forth in paragraph 6, including that Defendant has in any way committed any act of patent infringement, including in this District.  The remaining allegations of paragraph 6 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the same.

## VENUE

7.     Defendant denies that it has an established place of business in this District. Defendant denies all express or implied allegations set forth in paragraph 7, including that Defendant has in any way committed any act of patent infringement, including in this District, and/or that Plaintiff has suffered harm in this District.  The remaining allegations of paragraph 7 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies same.

## PATENTS-IN-SUIT

8.     Defendant denies all express or implied allegations set forth in paragraph 8 that Defendant has in any way committed any act of patent infringement.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 8 and, on that basis, denies the same.  To the extent the remaining allegations of paragraph 8 constitute legal conclusions, no response is required.  To the extent a response is required, Defendant denies the same.

## THE '420 PATENT

9.     Defendant admits that the purported copy of U.S. Pat. No. 10,237,420 (the "'420 Patent"), attached to the Complaint as Exhibit 1, is entitled "METHOD AND SYSTEM FOR MATCHING ENTITIES IN AN AUCTION" and states on its face an issue date of March 19, 2019, and that the application leading to the '420 Patent (U.S. App. No. 15/856,729) was filed on December 28, 2017.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 9 and, on that basis, denies the same.

## THE '748 PATENT

10.     Defendant admits that the purported copy of U.S. Pat. No. 10,491,748 (the "'748 Patent"), attached to the Complaint as Exhibit 2, is entitled "INTELLIGENT COMMUNICATION

ROUTING SYSTEM AND METHOD" and states on its face an issue date of November 26, 2019 and that the application leading to the '748 Patent (U.S. App. No. 15/797,070) was filed on October 30, 2017. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 10 and, on that basis, denies the same.

## **THE '979 PATENT**

11.     Defendant admits that the purported copy of U.S. Pat. No. 7,023,979 (the "'979 Patent"), attached to the Complaint as Exhibit 3, is entitled "TELEPHONY CONTROL SYSTEM WITH INTELLIGENT CALL ROUTING" and states on its face an issue date of April 4, 2006 and that the application leading to the '979 Patent (U.S. App. No. 10/385,389) was filed on March 7, 2003. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 11 and, on that basis, denies the same.

## **THE '253 PATENT**

12.     Defendant admits that the purported copy of U.S. Pat. No. 7,269,253 (the "'253 Patent"), attached to the Complaint as Exhibit 4, is entitled "TELEPHONY CONTROL SYSTEM WITH INTELLIGENT CALL ROUTING" and states on its face an issue date of September 11, 2007 and that the application leading to the '253 Patent (U.S. App. No. 11/387,305) was filed on March 23, 2006. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and, on that basis, denies the same.

## **THE '086 PATENT**

13.     Defendant admits that the purported copy of U.S. Pat. No. 9,456,086 (the "'086 Patent"), attached to the Complaint as Exhibit 5, is entitled "METHOD AND SYSTEM FOR MATCHING ENTITIES IN AN AUCTION" and states on its face an issue date of September 27, 2016 and that the application leading to the '086 Patent (U.S. App. No. 12/719,827) was filed on March 8, 2010. Defendant is without sufficient knowledge or information to form a belief as to

the truth of the remaining allegations in paragraph 13 and, on that basis, denies the same.

<u>**COUNT 1: ALLEGED INFRINGEMENT OF THE '420 PATENT**</u>

14.    Defendant incorporates by reference the statements and responses set forth in paragraphs 1–13 above with the same force and effect as though fully rewritten herein.

15.    Denied.

16.    Denied.

17.    Defendant admits that Exhibit 6 to the Complaint includes charts purporting to compare the '420 Patent's claim 20 to a generic customer service platform, allegedly having a method of processing customer requests for assistance to be assigned to call center agents, without specificity or clarity as to how any particular alleged method allegedly infringes.  Defendant denies all other express or implied allegations set forth in paragraph 17, including that Defendant has in any way committed any act of patent infringement.

18.    Defendant denies the allegations of paragraph 18, including any express or implied allegations in the Exhibit 6 to the Complaint and referenced in paragraph 18.

19.    Denied.

<u>**COUNT 2: ALLEGED INFRINGEMENT OF THE '748 PATENT**</u>

20.    Defendant incorporates by reference the statements and responses set forth in paragraphs 1–19 above with the same force and effect as though fully rewritten herein.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.     Defendant admits that Exhibit 7 to the Complaint includes charts purporting to compare the '748 Patent's claim 11 to a generic customer service platform, allegedly having a method of processing customer requests for assistance to be assigned to call center agents, without specificity or clarity as to how any particular alleged method allegedly infringes.  Defendant denies all other express or implied allegations set forth in paragraph 26, including that Defendant has in any way committed any act of patent infringement.

27.     Defendant denies the allegations of paragraph 27, including any express or implied allegations in the Exhibit 7 to the Complaint and referenced in paragraph 27.

28.     Denied.

**COUNT 3: ALLEGED INFRINGEMENT OF THE '979 PATENT**

29.     Defendant incorporates by reference the statements and responses set forth in paragraphs 1–28 above with the same force and effect as though fully rewritten herein.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Defendant admits that Exhibit 8 to the Complaint includes charts purporting to compare the '979 Patent's claim 10 to a generic customer service platform, allegedly having a method of processing customer requests for assistance to be assigned to call center agents, without specificity or clarity as to how any particular alleged method allegedly infringes.  Defendant denies all other express or implied allegations set forth in paragraph 35, including that Defendant has in any way committed any act of patent infringement.

36.     Defendant denies the allegations of paragraph 36, including any express or implied allegations in the Exhibit 8 to the Complaint and referenced in paragraph 36.

37.     Denied.

### COUNT 4: ALLEGED INFRINGEMENT OF THE '253 PATENT

38.     Defendant incorporates by reference the statements and responses set forth in paragraphs 1–37 above with the same force and effect as though fully rewritten herein.

39.     Denied.

40.     Denied.

41.     Defendant admits that Exhibit 9 to the Complaint includes charts purporting to compare the '253 Patent's claim 10 to a generic customer service platform, allegedly having a method of processing customer requests for assistance to be assigned to call center agents, without specificity or clarity as to how any particular alleged method allegedly infringes.  Defendant denies all other express or implied allegations set forth in paragraph 41, including that Defendant has in any way committed any act of patent infringement.

42.     Defendant denies the allegations of paragraph 42, including any express or implied allegations in the Exhibit 9 to the Complaint and referenced in paragraph 42.

43.     Denied.

### COUNT 5: ALLEGED INFRINGEMENT OF THE '086 PATENT

44.     Defendant incorporates by reference the statements and responses set forth in paragraphs 1–43 above with the same force and effect as though fully rewritten herein.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Defendant admits that Exhibit 10 to the Complaint includes charts purporting to compare the '086 Patent's claim 11 to a generic customer service platform, allegedly having a method of processing customer requests for assistance to be assigned to call center agents, without specificity or clarity as to how any particular alleged method allegedly infringes.  Defendant denies all other express or implied allegations set forth in paragraph 50, including that Defendant has in any way committed any act of patent infringement.

51.     Defendant denies the allegations of paragraph 51, including any express or implied allegations in the Exhibit 10 to the Complaint and referenced in paragraph 51.

52.     Denied.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

53.     Defendant respectfully reserves the right to object to a jury trial on issues for which there is no right to trial by jury, including by way of a motion pursuant to Rules 38 and 39 of the Federal Rules of Civil Procedure and the Seventh Amendment of the U.S. Constitution and/or any comparable state constitution(s).

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief as requested in this lawsuit, including, but not limited to, those requested in the section titled "PRAYER FOR RELIEF" of the Complaint, including paragraphs A–N and their subparts, of the "PRAYER FOR RELIEF" section. To the extent the "PRAYER FOR RELIEF" section is interpreted to contain any express or implied allegations, Defendant denies them.

## <u>DEFENDANT ENTERPRISE HOLDINGS, INC.'S AFFIRMATIVE DEFENSES</u>

Defendant asserts the following affirmative defenses, without waiver, limitation or prejudice, and without conceding that it bears the burden of proof as to any issue that would otherwise rest upon Plaintiff. Defendant reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the laws of the United States, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this litigation.

### <u>FIRST AFFIRMATIVE DEFENSE</u>
(Failure to State a Claim)

Plaintiff's claims are barred because Plaintiff has failed to state a claim for which relief can be granted.

### <u>SECOND AFFIRMATIVE DEFENSE</u>
(Noninfringement)

Defendant has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '420 Patent.

Defendant has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '748 Patent.

Defendant has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '979 Patent.

Defendant has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '253 Patent.

Defendant has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, by inducement, contributorily, jointly, willfully, or in any other way, any valid enforceable claim of the '086 Patent.

**THIRD AFFIRMATIVE DEFENSE**
(Invalidity)

The claims of the '420 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

The claims of the '748 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

The claims of the '979 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

The claims of the '253 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

The claims of the '086 Patent are invalid for failure to comply with the requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**
(Failure to Mark)

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Patents-in-Suit,

Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Patents-in-Suit.

## FIFTH AFFIRMATIVE DEFENSE
(No Indirect Infringement)

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

## SIXTH AFFIRMATIVE DEFENSE
(No Exceptional Case)

The Complaint fails to establish, and Defendant denies, that this case is an exceptional case under 35 U.S.C. § 285.

## SEVENTH AFFIRMATIVE DEFENSE
(No Willful Infringement)

Plaintiff's claims for enhanced damages under 35 U.S.C. § 284 are barred because Plaintiff has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## EIGHTH AFFIRMATIVE DEFENSE
(Waiver and/or Prosecution History Estoppel)

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '420 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO.

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '748 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO.

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '979 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO.

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '253 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO.

Plaintiff is barred by waiver and/or prosecution history estoppel from contending that any claim of the '086 Patent covers alleged Defendant products or processes by virtue of statements and admissions made by the named inventors and/or patent counsel during proceedings before the USPTO.

## NINTH AFFIRMATIVE DEFENSE
(Laches, estoppel, acquiescence, waiver, unclean hands)

Plaintiff's attempted enforcement of the Patents-in-Suit against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

## DEFENDANT/COUNTERCLAIM-PLAINTIFF'S COUNTERCLAIMS

As set forth above, Defendant/Counterclaim-Plaintiff, Enterprise Holdings, Inc. ("Defendant" or "Counterclaim-Plaintiff" or "Enterprise"), asserts the following Counterclaims against Plaintiff/Counterclaim-Defendant Patent Armory, Inc. ("Defendant" or "Counterclaim-Defendant" or "Patent Armory"), pursuant to Rule 13 of the Federal Rules of Civil Procedure.

**PARTIES**

1.      Counterclaim-Plaintiff, Enterprise Holdings, Inc., is a corporation organized and existing under the laws of Missouri with a principal place of business located at 600 Corporate Park Drive, Clayton, Missouri 63105.

2.      Upon information and belief, Counterclaim-Defendant, Patent Armory, Inc., is a corporation organized and existing under the laws of Canada with a principal place of business at 400-1565 Carling Ave., Ottawa, Ontario, Canada K1Z 8R1.

**JURISDICTION**

3.      Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–2 with the same force and effect as though fully rewritten herein.

4.      These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code.  Thus, this Court has subject-matter jurisdiction over the following Counterclaims pursuant to at least 35 U.S.C. § 271 *et seq.*, 28 U.S.C. § 1331, 1338, 1367, 2201, and 2202.

5.      This Court has personal jurisdiction over Counterclaim-Defendant because Counterclaim-Defendant has consented by voluntarily appearing before this Court for all purposes by filing the present lawsuit in this Court.

6.      Without waiving any argument by Counterclaim-Plaintiff that venue is inconvenient under 28 U.S.C. § 1404(a), and based solely on Counterclaim-Defendant's filing of this case in this District and to the extent that this case is not transferred for inconvenient venue, venue for Counterclaim-Plaintiff's Counterclaims is proper in the Western District of Texas under 28 U.S.C. § 1391 and/or 1400.

## FACTUAL BACKGROUND

7.    Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–6 with the same force and effect as though fully rewritten herein.

8.    According to its Complaint, Counterclaim-Defendant claims certain rights arising under the patent laws of the United States and related to U.S. Patent Nos. 10,237,420 (the "'420 Patent"), 10,491,748 (the "'748 Patent"), 7,023,979 (the "'979 Patent"), 7,269,253 (the "'253 Patent"),  and 9,456,086  (the "'086 Patent") (collectively, the "Patents-in-Suit").

9.    Counterclaim-Defendant filed suit in this matter, asserting infringement by Counterclaim-Plaintiff of the Patents-in-Suit.  Counterclaim-Plaintiff denies that it infringes the Patents-in-Suit.  There is thus an actual and justiciable controversy between Counterclaim-Defendant and Counterclaim-Plaintiff as to whether or not Counterclaim-Plaintiff infringes any valid claim of the Patents-in-Suit.

10.    Pursuant to the Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202, Counterclaim-Plaintiff is entitled to a declaratory judgment of non-infringement and invalidity of the claims of the Patents-in-Suit.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '420 PATENT

11.    Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–10 with the same force and effect as though fully rewritten herein.

12.    Counterclaim-Plaintiff has not infringed and is not infringing at least claim 20 of the '420 Patent because, *inter alia*, the accused system does not "estimat[e] at least one content-specific or requestor-specific characteristic associated with  each received request," "determin[e] availability of a plurality of alternate target resources, each respective target resource having at least one respective target characteristic," "evaluat[e], with at least one automated processor, a

plurality of alternate allocations of the respective received request with different available targets, according to a ranking dependent on a probabilistic predictive multivariate evaluator, based on the at least one content-specific or requestor-specific characteristic, and the respective target characteristics of the plurality of alternate target resources," and/or "generat[e] a control signal, by the at least one automated processor, selectively dependent on the evaluating, to control the allocations of the received request with the different available targets."

13.     Counterclaim-Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '420 Patent.

14.     Counterclaim-Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '420 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '420 PATENT

15.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–14 with the same force and effect as though fully rewritten herein.

16.     The claims of the '420 Patent are invalid for failure to meet the conditions set for in 35 U.S.C. §§ 101, 102, 103, and/or 112.

17.     Counterclaim-Plaintiff is entitled to a declaratory judgment that the claims of the '420 Patent are invalid.

## COUNT III: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '748 PATENT

18.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–17 with the same force and effect as though fully rewritten herein.

19.     Counterclaim-Plaintiff has not infringed and is not infringing at least claim 11 of the '748 Patent because, *inter alia*, the accused system does not "receiv[e] a plurality of respective communications for association with a respective resource selected from a plurality of resources," "identify[] a plurality of resources available for association with a respective communication and capable of handling the respective communication, each available resource having a limited quantitative capacity for association with multiple communications and an availability state," "calculate[e] a respective score associated with each available resource dependent on the availability state of a respective available resource," "estimat[e] an expected economic value to be obtained by associating each respective communication with each respective available resource, dependent on at least the score and a respective communication-content dependent value function of an outcome of a  respective communication associated with a respective available resource," and/or "assign[] each of the plurality of respective communications to one of the plurality of resources based on at least the estimated expected economic value to be obtained by associating each respective communication with each respective resource."

20.     Counterclaim-Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '748 Patent.

21.     Counterclaim-Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '748 Patent.

## COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '748 PATENT

22.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–21 with the same force and effect as though fully rewritten herein.

23.     The claims of the '748 Patent are invalid for failure to meet the conditions set for in 35 U.S.C. §§ 101, 102, 103, and/or 112.

24.     Counterclaim-Plaintiff is entitled to a declaratory judgment that the claims of the '748 Patent are invalid.

## COUNT V: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '979 PATENT

25.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–24 with the same force and effect as though fully rewritten herein.

26.     Counterclaim-Plaintiff does not infringe at least claim 10 of the '979 Patent because, *inter alia*, the accused system does not "receiv[e] a plurality of communications, each having associated classification information," "stor[e] information representing characteristics of potential targets," "determin[e] an optimum target for each communication based on the communication classification and target characteristics using a multivariate cost function comparing at least three potential targets," "rout[e] the communication to the optimum target," and/or "said determining step and said routing step being performed within a common operating environment."

27.     Counterclaim-Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '979 Patent.

28.     Counterclaim-Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '979 Patent.

## COUNT VI: DECLARATORY JUDGMENT OF INVALIDITY OF THE '979 PATENT

29.    Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–28 with the same force and effect as though fully rewritten herein.

30.    The claims of the '979 Patent are invalid for failure to meet the conditions set for in 35 U.S.C. §§ 101, 102, 103, and/or 112.

31.    Counterclaim-Plaintiff is entitled to a declaratory judgment that the claims of the '979 Patent are invalid.

## COUNT VII: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '253 PATENT

32.    Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–31 with the same force and effect as though fully rewritten herein.

33.    Counterclaim-Plaintiff does not infringe at least claim 10 of the '253 Patent because, *inter alia*, the accused system does not "receiv[e] a plurality of communications, each having associated classification information," "stor[e] information representing characteristics of at least three potential targets," and/or "determin[e], in a combinatorial optimization, an optimum target for each communication based on the communication classification, and target characteristics."

34.    Counterclaim-Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '253 Patent.

35.    Counterclaim-Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '253 Patent.

## COUNT VIII: DECLARATORY JUDGMENT OF INVALIDITY OF THE '253 PATENT

36.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–35 with the same force and effect as though fully rewritten herein.

37.     The claims of the '253 Patent are invalid for failure to meet the conditions set for in 35 U.S.C. §§ 101, 102, 103, and/or 112.

38.     Counterclaim-Plaintiff is entitled to a declaratory judgment that the claims of the '253 Patent are invalid.

## COUNT IX: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '086 PATENT

39.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–37 with the same force and effect as though fully rewritten herein.

40.      Counterclaim-Plaintiff does not infringe at least claim 11 of the '086 Patent because, *inter alia*, the accused system does not "stor[e] a plurality of multivalued scalar data representing inferential targeting parameters for the first entity," "stor[e] a plurality of multivalued scalar data of each of the plurality of second entities, representing inferential targeting parameters for a plurality of second entities," "perform[] using an automated processor, based on at least the stored plurality of multivalue scalar data, an economic optimization seeking to maximize a normalized economic surplus of a respective mutually exclusive match of the first entity with the second entity, in conjunction with an opportunity cost of the unavailability of the second entity as a result of the match," and/or "output[] a signal in dependence on the optimization."

41.     Counterclaim-Plaintiff has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '086 Patent.

19

42.     Counterclaim-Plaintiff is entitled to a declaratory judgment that it has not infringed and is not infringing, either literally or under the doctrine of equivalents, directly, contributorily, by inducement, or jointly, any claim of the '086 Patent.

### COUNT X: DECLARATORY JUDGMENT OF INVALIDITY OF THE '086 PATENT

43.     Counterclaim-Plaintiff incorporates by reference the statements and allegations set forth in paragraphs 1–41 with the same force and effect as though fully rewritten herein.

44.     The claims of the '086 Patent are invalid for failure to meet the conditions set for in 35 U.S.C. §§ 101, 102, 103, and/or 112.

45.     Counterclaim-Plaintiff is entitled to a declaratory judgment that the claims of the '086 Patent are invalid.

### JURY DEMAND

Counterclaim-Plaintiff respectfully requests a jury trial for all issues triable to a jury.

### PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiff respectfully requests that this Court enter judgment in its favor against Plaintiff/Counterclaim-Defendant and grant the following relief:

a.      an order that Counterclaim-Defendant take nothing from Counterclaim-Plaintiff on each and every claim asserted in the Complaint;

b.      dismissal with prejudice of the Complaint against Counterclaim-Plaintiff;

c.      a declaration that Counterclaim-Plaintiff does not infringe any valid, enforceable claim of the '420 Patent;

d.      a declaration that the claims of the '420 Patent are invalid, void, or unenforceable;

e.      a declaration that Counterclaim-Plaintiff does not infringe any valid, enforceable claim of the '748 Patent;

f.      a declaration that the claims of the '748 Patent are invalid, void, or unenforceable;

g.      a declaration that Counterclaim-Plaintiff does not infringe any valid, enforceable claim of the '979 Patent;

h.      a declaration that the claims of the '979 Patent are invalid, void, or unenforceable;

i.      a declaration that Counterclaim-Plaintiff does not infringe any valid, enforceable claim of the '253 Patent;

j.      a declaration that the claims of the '253 Patent are invalid, void, or unenforceable;

k.      a declaration that Counterclaim-Plaintiff does not infringe any valid, enforceable claim of the '086 Patent;

l.      a declaration that the claims of the '086 Patent are invalid, void, or unenforceable;

m.      a declaration that this lawsuit is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim-Plaintiff of its reasonable attorneys' fees;

n.      an award to Counterclaim-Plaintiff of its costs and disbursements associated with this action; and

o.      an award to Counterclaim-Plaintiff of any additional relief as the Court may deem appropriate and just under the circumstances.

Dated: October 24, 2023

BAKER & McKENZIE LLP

By:    */s/  Mackenzie M. Martin*
        Mackenzie M. Martin
        SBN: 24066659
        mackenzie.martin@bakermckenzie.com
        Aaron R. Lines
        SBN: 24125140
        aaron.lines@bakermckenzie.com
        1900 N. Pearl Street, Suite 1500
        Dallas, TX 75201
        Tel: (214) 978-3000
        Fax: (214) 978-3099

*Attorneys for Enterprise Holdings, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24th day of October, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5.

/s/ *Mackenzie M. Martin*
Mackenzie M. Martin